[Civ. No. 4030.  Second Appellate District, Division Two.—April 20, 1923.]

## C. N. CARROLL, Respondent, v. ARCH LATHAM et al., Appellants.

[1] LANDLORD AND TENANT—DAMAGES FOR BREACH OF COVENANTS—EVICTION BEFORE EXERCISE OF OPTION TO EXTEND TERM—SUFFICIENCY OF EVIDENCE.—In this action for damages for breach of certain covenants of a lease, the finding that the lessees had not exercised their option to extend the term before they were evicted by plaintiff is supported by the evidence, notwithstanding the complication of the evidence on that issue with the evidence relating to the request of the lessees for leave to assign the lease made before the expiration of the original term.

[2] ID.—FINDING OUTSIDE OF ISSUES—SUFFICIENCY OF EVIDENCE—IMMATERIALITY.—Where in such an action a finding to the effect that it is not true that at the time of the expiration of the original term the defendants had kept the letter and spirit of the lease is not responsive to any issue framed by the pleadings, it is immaterial whether such finding is supported by any evidence.

APPEAL from a judgment of the Superior Court of Imperial County. R. D. McPherrin, Judge *pro tempore.* Affirmed.

The facts are stated in the opinion of the court.

E. R. Simon and H. A. Wolford for Appellants.

Kimpton Ellis, Dorsey Whitelaw, Walter J. Desmond and Charles La V. Larzelere for Respondent.

---

1. Holding over after expiration of lease with option for extension or renewal, without formally exercising option, notes, 6 Ann. Cas. 341; 19 Ann. Cas. 399; Ann. Cas. 1915D, 252; 1 A. L. R. 343; 29 L. R. A. (N. S.) 175; L. R. A. 1916E, 1232.

WORKS, J.—Plaintiff, as lessor, entered into an agreement of lease with certain of defendants whereby the latter acquired a leasehold term in certain lands. The lease granted to the lessees an option to extend the term for an added period of two years. The original term having expired, plaintiff evicted the lessees from the demised premises and commenced this action for damages because of the alleged breach of certain covenants of the lease. One of the defendants interposed a cross-complaint against plaintiff upon a certain alleged claim. Plaintiff had judgment upon the issues framed under both the complaint and the cross-complaint, and the defendants and the cross-complainant appeal.

[1] It is contended by appellants that the lessees had exercised their option to extend the term of the lease before they were evicted from the demised property and they insist that findings to a contrary effect which were made by the trial court were not supported by the evidence. There is no question under the evidence that the lessees, some months before the expiration of the original term, requested leave to assign the lease for both the remainder of the term and for a period beyond that term as to which period they indicated a desire for an extension on behalf of their proposed assignees. Further, there is no doubt that the request for leave to assign was refused by respondent. The evidence on the question whether the lessees exercised their option to extend the term on their own behalf, as contemplated by the covenants of the lease, is complicated by its intermixture with the evidence relating to the request for leave to assign. The confusion resulting from this complication is plainly evident in the testimony of respondent, but we think that his testimony, as set forth in the brief of appellants, alone was sufficient to support a finding that the option was not exercised, and this notwithstanding the confusion mentioned. Before we quote from respondent's testimony it is to be noted that the Johnson and Coberly mentioned by him were the agents of the lessees who acted for them in conveying the alleged notice that they were exercising the option to extend. Parts of the testimony of respondent, with our italics, follow: "Q. Did Mr. Johnson ask you to extend the lease? A. Yes, sir.   Q. *To extend it?*   A. *No, sir; not to extend it. He didn't.*   He asked me to transfer the lease.   Q. Did

61 Cal. App.—46

anyone at any time ask you *to extend* this lease for a period of two years after its expiration? A. *I don't think they did.* Q. After September, 1919 [when the original term ended]? A. *No, sir; I don't think so.* . . . In that conversation, something came up about an extension, but I always told them I wouldn't extend the lease, that *I wouldn't transfer it.* . . . Q. You say Mr. Johnson asked you to consent to the assignment of this lease to N. R. Vail? A. He asked me to do it; well, yes, he did. Q. Didn't he at that time tell you that [the lessees] had elected *to extend* the lease for the two years' period? A. *No, sir.* . . . He might have asked me about it but I refused anything in regard to transferring the lease or in regard to the two years' extension. . . . Q. If you refused to extend the lease, isn't it a fact that Johnson and Coberly did talk to you about extending the lease? A. Of course, they talked to me about it. Yes, sir; but I didn't consent to it. Q. Didn't Mr. Johnson tell you [the lessees] had elected to extend the lease for two years and were claiming that they had a lease for two years additional. A. Oh, yes; they claimed that they had got the lease and they would hold it for two years longer. Q. What they asked you to do was *to assign* not only the lease for the balance of the first year, but for the balance of the first year and *two more years?* A. Yes, sir, *and I refused.* Q. And Mr. Coberly also told you, did he not, he talked to you about [the lessees] wanting to extend this lease for two years, didn't he? A. Yes, sir, but my contract said that they *could not sublease it and I refused.* Q. Mr. Coberly requested you to consent to the assignment for the balance of the first two years and *to assign* this lease for *two years additional?* A. Yes, sir; he asked me to but I refused to do it." The disputed findings were supported by the evidence.

[2] Appellants make several other points, but, with the exception of one, they are all met by the conclusion which we have reached upon the question of which we have just made disposition. That excepted one requires a special treatment. The complaint was principally based upon a provision of the lease to the effect that the lessees agree "to return the farm at the expiration of this lease . . . in first class condition, particularly as to a full stand of alfalfa being seeded and growing in order that no lapsed time will

ensue at the expiration of this lease." We say that the complaint was principally so based because there are in it allegations upon a claim for damages for lost farm machinery. The allegations of the complaint upon what may be termed its main feature, then, were as follows, making due ellipsis: "That under and by the terms of the said lease [the lessees] agreed to return the said farm premises at the expiration of said lease . . . in first class condition, particularly as to a full stand of alfalfa being seeded and growing in order that no lapse of time would ensue at the expiration of said lease; that said [lessees] failed and neglected, on or at the expiration of said lease, or at all, to return the said farm . . . in first class condition, and failed to have a full, or any stand of alfalfa seeded or growing thereon, but on the contrary left the said property in a badly damaged condition, to-wit": The complaint then sets forth specifically the particulars in which the "badly damaged condition" consisted. All these allegations are put in issue directly by specific denials contained in each of the two answers by which the various defendants responded to the allegations of the complaint. No exception is taken by appellants to any finding which the trial court may have made upon the issues thus presented, but they do complain that the evidence does not support a finding to the effect that it is not true that at the time of the expiration of the original term under the lease "the said defendants, or any of them, had kept the letter and spirit of said lease." This finding, so far as we can discover, is not responsive to any issue framed by the pleadings. It certainly does not meet the issue which we have just outlined, that being the only issue as to which the finding could apply even remotely. It is therefore immaterial whether the finding is supported by any evidence.

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.